UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO J. MAROTTA and
ALANNA MITCHELL and                                Case No. 04-40193
MIDAMERICA BANK, FSB,
       Plaintiffs/
       Counterclaim,                              DISTRICT JUDGE PAUL V. GADOLA
       Defendants,                                MAGISTRATE JUDGE STEVEN D. PEPE
vs.

ROBIN LYNN KELLY and
ROBERT VANHELLMONT,
       Defendants,

and

UNITED STATES OF AMERICA,
   Defendant/Counterclaim Plaintiff.
_____/

**ORDER DENYING UNITED STATES' MOTION TO AMEND (Dkt. #28)**

This is a case filed on June 8, 2004, and removed by the Defendant United States on July 13, 2004, from the Oakland County Circuit Court involving a claim by the February 9, 2004, purchasers of certain property and their lender to quiet title against the United States for a $96,020.58 (through May 22, 2004) tax lien against seller Timothy Kelly and any other of the Defendants. Defendant Robert Vanhellmont, had a mortgage securing a loan from both the sellers, Robin and Timothy Kelly, which was prior in time to any of the government's liens, but was mis-recorded in the chain of title due to an error in the property description. Notwithstanding that error, Mr. Vanhellmont received $80,000 in proceeds from the sale to discharge the loan and mortgage and the United States received $43,679.81 to discharge another tax lien of the seller but not the tax lien in dispute in this case. The suit seeks not only to quiet title by declaring that Plaintiff's interests have priority over all other claims against the property, but also to enjoin any foreclosure proceedings and to enjoin

any of the individual Defendants from disposing of any proceeds that they received from the sale, and if the United States of America prevails against Plaintiffs then to award damages to Plaintiffs under a theory of unjust enrichment.

On August 16, 2004, the United States of America filed its answer, cross claim against Timothy Kelly (dismissed on November 9, 2004) and its Counterclaim. (Dkt. # 4 & # 6). On February 23, 2005, it filed a motion for summary judgment which was denied without prejudice on March 8, 2005, because discovery was not completed. (Dkt. # 10  & # 11). On March 15, 2005, Judge Gadola ordered discovery to be concluded on or before June 17, 2005, cut-off dispositive motions as of July 18, 2004, and set a bench trial for December 5, 2005. (Dkt. # 12). Judge Gadola on July 13 extended the dispositive motion deadline without setting a new date pending resolution of a government motion seeking a protective order against certain depositions, but reaffirmed the remainder of the March 15 scheduling order. (Dkt. # 23 ). That motion for a protective order was denied on August 26, and the depositions ordered to be completed in October.

On October 5, 2005, the United States of America filed its current motion to amend its counter complaint (Dkt. #28) seeking to add cross-claims against Robin Kelly and Robert VanHellmont and add three new cross defendants. All of the new cross claims involve the theory of the United States that the proposed cross-defendants received proceeds from the Plaintiffs' purchase of the real estate in question which should have gone to the United States pursuant to a valid, recorded, federal tax lien, and that its tax lien also attaches to the proceeds of the sale. This motion was referred to the undersigned pursuant to 28 U.S.C. 636 (b)(1)(A) for a hearing and determination.

A telephonic hearing was held on November 8, 2005, and, for the reasons stated on the

record and below, the United States' motion was DENIED as untimely.[1]

As noted above, in October 2005 certain depositions were ordered to be taken and specific documents were deemed able to be produced, (Dkt. #11), but there has been no amended scheduling order filed that would extend the discovery period beyond the original cut-off date. Other than for dispositive motions, for which a cut-off date may now be set, Judge Gadola's original dates set in March are still controlling in this case, as he stated in his July 13 order. Therefore, it is untimely for the United States to attempt to add new parties and new claims to this matter more than a year after June 2004 action was filed and answered on August 16, 2004, and after the deadline for discovery has passed. Such an amendment would complicate and delay resolution of this matter that began as a relatively simple action to quiet title – so simple that the United States had thought it could readily be resolved on summary judgment without any discovery.

Further, the United States' claims will not be lost if they are not added to his action because the United States can, if it loses in this action, bring a separate action to recover the proceeds from the proposed cross-defendants.

Finally, review of this and the government's prior motion make it clear that it is in the interest of all parties to resolve this dispute in a consensual manner. Thus, it is recommended that the Court set a dispositive motion cut-off date and a new trial date, and further order the parties to a settlement conference with a representative from each party, and require the Plaintiffs to demand

---

[1] Fed. R. Civ. P. 14 allows third-party defendants to be added by a defendant without leave of court if timely done within ten(10) days of filing an answer. Thereafter, the court has discretion on whether to allow it or not. Rule 13 allows joinder of additional parties under Rule 19 or 20, which are the rules asserted in this motion. It does not appear that any of the new proposed third-party defendants are indispensable parties under Rule 19, and while they qualify as permissive third-party defendants, this Court has discretion in whether to add them as it does on the government's late request to add new cross-claims against existing parties to the litigation.

3

that the title company insuring their interest be present at this settlement conference and represented by an attorney with authority to contribute to a full and final resolution of this litigation and any related matters.


Dated: November 9, 2005                                  s/Steven D. Pepe
Ann Arbor, Michigan                                      United States Magistrate Judge




Certificate of Service

I hereby certify that copies of this Order were served upon the attorneys of record by electronic means or U. S. Mail on November 09, 2005.

                                                     s/William J. Barkholz
                                                     Courtroom Deputy Clerk